IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| PAUL LEWIS ROBINSON, : | |
| : | |
| Plaintiff, : | |
| : | NO. 3:22-CV-00013-CAR-CHW |
| VS. : | |
| : | |
| CAPTAIN JOHN MINTON, *et al.*, : | |
| : | |
| Defendants. : | |
| _____ : | |

## ORDER OF DISMISSAL

*Pro se* Plaintiff Paul Lewis Robinson, an inmate incarcerated at the Walton County Jail in Monroe, Georgia, filed a complaint seeking relief pursuant 42 U.S.C. § 1983. ECF No. 1. Plaintiff seeks leave to proceed *in forma pauperis*. ECF No. 2. However, Plaintiff has three strikes under the Prison Litigation Reform Act, so he may not proceed *in forma pauperis*. Leave to proceed *in forma pauperis* is therefore **DENIED** and this action is **DISMISSED WITHOUT PREJUDICE**.

Under 28 U.S.C. § 1915(g), a prisoner is barred from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This is known as the "three strikes provision." A prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is (1) frivolous, (2)

malicious, or (3) fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *see also Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283-84 (11th Cir. 2016) (confirming that "these three grounds are the *only* grounds that can render a dismissal a strike"). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Medberry*, 185 F.3d at 1192. The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed multiple federal lawsuits and that at least three of his complaints have been dismissed as frivolous, or malicious, or for failure to state a claim. *See, e.g., Robinson v. Alcovy Judicial Circuit*, Case No. 3:17-cv-00113-CDL-CHW (M.D. Ga. Apr. 23, 2018) (dismissed for failure to state a claim); *Robinson v. Smith*, Case No. 3:20-cv-00067-CAR-CHW (M.D. Ga. Nov. 2, 2020) (dismissed for failure to state a claim); *Robinson v. Judge Ott*, Case No. 3:20-cv-00058-CDL-CHW (M.D. Ga. Apr. 15, 2021) (dismissed for failure to state a claim).

Plaintiff is accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical

4

injury," or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 Fed. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998). The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In this case, Plaintiff states that "DR court conviction without any evidence to illegal confin in (illegible) lock as to work together to deny due process and deliberate indifferece while knowing black male problems and excessive force used to place inmate in life jeopardy as knowing tazing (illegible) inmate divoirce granted date and filing same date". ECF No. 1 at 4.  He further claims that "ruptured heart muscle numbness still because too tight handcuff by then jail employees William and Wells". *Id*.  Plaintiff additionally attaches to his complaint form twenty-two pages of jabberwocky including jail store receipts, a petition to violate probation, grievances, and a prodigiously indecipherable daily log of complaints about everything from not receiving an indigent kit to notes from a meeting with a public defender to a delayed hearing to unanswered medical requests to no chips with his lunch. *See* ECF No. 1-1.

First, the Plaintiff links no claims to the named Defendants "John and/or Clinton Minton", Scott Pecore, or Alcovy Judicial System.  Secondly, nowhere in his complaint does Plaintiff provide facts in any way suggesting that he is in imminent danger of suffering any

4

serious physical injury. *See Medberry*, 185 F.3d at 1193 (holding plaintiff failed to qualify under imminent danger exception because complaint could not be construed as "constituting an allegation that he was in imminent danger of serious physical injury at the time he filed his [c]omplaint or that he was in jeopardy of any ongoing danger").

As such, Plaintiff will not be permitted to proceed *in forma pauperis* pursuant to § 1915(g), and his Complaint should be dismissed without prejudice to his right to refile with pre-payment of the full $402 filing fee. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)."); *see also Simmons v. Zloch*, 148 F. App'x 921, 922 (11th Cir. 2005) (citing to *Dupree* in affirming denial of *in forma pauperis* motion and dismissing complaint under § 1915(g)). Accordingly, Plaintiff may not proceed *in forma pauperis* and this action is **DISMISSED without prejudice**.

**SO ORDERED**, this __9th__ day of ____February____, 2022.

_s/C. Ashley Royal_____
**C. Ashley Royal, Judge**
**United States District Court**